Fuld, J. (dissenting).
I agree with the court that, upon the record before us, the People have established that the defendant was legally sane under the law of this State as it now stands (see, e.g., People v. Reade, 1 N Y 2d 459; People v. Horton, 308 N. Y. 1), but I cannot refrain from observing that the result demonstrates the unreality, if not the invalidity, of our present standards for determining criminal responsibility. This case serves to confirm the view, frequently expressed over the years, that section 1120 of the Penal Law should be amended and the “ right-wrong ” test which now controls our decisions changed.
However, since the issue of the defendant’s insanity under section 1120 seems to me so extremely close, I do not believe that we may disregard the prosecutor’s concededly inexcusable and improper remarks, relating to the defense psychiatrists', as technical error under section 542 of the Code of Criminal Procedure.
Judges Dye, Burke and Foster concur with Judge Froessel ; Chief Judge Desmond and Judge Van Voorhis dissent and vote to reverse and to dismiss the indictment upon the ground that *79 by the clear weight of evidence this defendant is insane under the rule of section 1120 of the Penal Law in which connection we express our strong disapproval of the prosecutor’s inexcusable ridicule of the court-appointed psychiatrists; Judge Fuld dissents in an opinion.
Judgment of conviction affirmed.